Dear Ms. Bryant:
On behalf of the Avoyelles Parish Police Jury (Police Jury) you have requested an opinion of this office regarding the legality of a proposed monetary donation by the Police Jury to a local non-profit organization. According to your request, the Avoyelles Parish Police Jury sold land formerly housing a clothing manufacturer and you would like to distribute a portion of the proceeds to the Hickory Hill Community Center, a non-profit organization.
Your question must be addressed in light of Art. VII, Sec. 14
of the Louisiana Constitution of 1974, which generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private. Atty Gen. Op. Nos. 04-0052; 91-313. This article is violated when the state or a political subdivision gives up something of value when it is under no legal obligation to do so. See City of Port Allen v.Louisiana Mun. Risk, 439 So.2d 399 (La. 1983). Our office has interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty.
Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec. 14,
as set forth in City of Port Allen v. Louisiana Mun. Risk,439 So.2d 399 (La. 1983), wherein the Court states: ". . . this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so."
Subsection B of Article VII, Sec. 14 enumerates exceptions to this general prohibition against the donation of public funds, including the use of public funds for programs of social welfare for the aid and support of the needy. However, to avail oneself of this exception there must be objective criteria in place to properly identify those who are in need. The information provided in your opinion request does not indicate an established program for the aid and support of the needy for proposed expenditure of public funds. *Page 2 
Subsection C of Article VII, Section 14 provides for cooperative endeavor agreements. There are three requirements that must be met in order to have a constitutionally valid cooperative endeavor agreement. The state or political subdivision must be authorized to spend the funds at issue, the agreement must benefit the public and the cost must be proportionate to the benefit. See Atty Gen. Op. Nos. 90-63, 90-651, 92-722, 01-0389, 02-0125 and 05-134. In City of PortAllen, supra, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not
give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a public purpose."
Thus, for the donation that you inquire about to be authorized pursuant to La. Const. Art. VII, Sec. 14(A), the donation must pass muster as fulfilling a legal obligation on the part of the police jury and provide a public service that is proportionate to the public benefit received by the Police Jury as a result of the donation.
This office is unaware of any legal obligation owed by the Police Jury to the Hickory Hill Community Center. The Police Jury is under no legal obligation to operate, maintain or fund the Community Center and the Police Jury similarly has no legal interest in the Center. Additionally, though the donation may be intended for public use and thus benefit the public, there is no indication that the value of the donation is proportionate to the public benefit. Therefore, despite the possible public benefit that may result from the proposed donation, the relationship between the Police Jury and the Community Center does not appear to meet the jurisprudential requirements for a cooperative endeavor under La. Const. Art. VII, Sec. 14(A).
It is therefore the opinion of our office that pursuant to Article VII, Section 14 of the Louisiana Constitution of 1974 the Avoyelles Parish Police Jury and/or its individual members may not donate public funds to the Hickory Hill Community Center.
If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General